IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT D. GILMER, JR., a/k/a "BOBBY
G." and KOZMIC MEDIA, L.L.C,

    Plaintiffs,

vs.

Case No. 03-1248-JTM

STANLEY BURRELL,
a/k/a MC HAMMER
and STANLEY BURRELL,
d/b/a WORLDHIT MUSIC GROUP,
d/b/a MC HAMMER,

    Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the defendant Stanley Burrell's Motion to Set Aside Default Judgment (Dkt. No. 126). Plaintiffs Robert Gilmer and Kozmic Media oppose the motion.

Gilmer and Kozmic began this action against Burrell by a Complaint filed July 16, 2003. Burrell is a resident of California. On July 16, the Court issued a summons to Burrell, and plaintiffs served a copy of the summons by certified mail to 7683 Erbway, Tracy, California.

Plaintiffs moved for default judgment on September 19, 2003. (Dkt. No. 3). The Return of Service shows that a copy of the motion was presented by certified mail to 1852 W. 11th Street, Tracy, California, (Dkt. No. 4, at 2), addressed to "Stanley Burrell, d/b/a WorldHit Music Group

d/b/a MC Hammer."  The Court entered default judgment against Burrell on November 28, 2003. (Dkt. No. 5).

In his present motion, Burrell first argues that the order of default judgment should be set aside because the plaintiffs failed to make any showing that he should be subjected to personal jurisdiction in Kansas, and the Court failed to make a determination that such jurisdiction existed in its Order of November 28, 2003.  Second, and more substantially, he argues that Order is void because he was not served with process prior to its entry.

The Court finds that Burrell's first argument is without merit.  Although the Order of Default Judgment does not contain separate and explicit findings as to the propriety of personal jurisdiction, such findings were in fact made, and are implicit in the Order's notation that the ruling was being entered only after fully "reviewing the file" such that the "[p]laintiffs are entitled to a judgment by default."  (Dkt. No. 5, at 1).  These findings incorporate the specific allegations in the Complaint showing the existence of personal jurisdiction.

The Complaint includes allegations that Burrell initially contacted plaintiff Gilmer, a resident of Kansas for commercial reasons. (Dkt. No. 1, at ¶ 10).  The Complaint alleges that Gilmer "work[s] out of Wichita, Sedgwick County, Kansas." (Id. at ¶ 6).  Burrell entered into a contract which was to be performed in Kansas. (Id. at ¶ 11). Preliminary work on vocal tracks was performed by musicians in California, after which the mix "was mailed to Kozmic and Bobby G. in Wichita where mixing was perfected." (Id. at ¶ 12).  The plaintiffs performed work "at the Wichita studio . . . as directed by the defendants." (Id.)  The Court finds that the Order of Default Judgment is not void or voidable for an absence of jurisdiction over the defendant Burrell.

Burrell argues that the Order is flawed because service was never accomplished against him. The Return of Service as to the original Complaint, he argues, shows that the Complaint was received at 7683 Erbway on July 21, 2003, but Burrell contends that the illegible signature on the "Received by" line "is not my signature, nor . . . any member of my household." (Def. Aff. at ¶ 5). He makes the same averrment as to the signature on the Return of Service on the default judgment motion. He also avers he never received the Summons or Complaint, and that he "was not aware of any proceedings in the above-captioned action at any time before judgment was entered against me by default." (Id. at ¶ 8).

In the plaintiff's response, Gilmer specifically avers that he had numerous telephone calls from Burrell and Edward Thomas (also known as Pleasure Ellis), a close associate of Burrell, after the action was commenced in which Burrell and Thomas indicated they were aware of the lawsuit. Plaintiff's counsel has also submitted an affidavit stating that Gilmer told him "[f]rom time to time after July 21, 2003" of these conversations showing Burrell's awareness of the litigation. (Ayesh. Aff. at ¶ 3). Finally, the plaintiffs have submitted telephone records showing fifteen separate telephone conversations between Gilmer's residence and a cellular telephone number belonging to Edward Thomas during 2003 and 2004 (Dkt. No. 132). Four of these conversations occurred after the present action was filed and prior to the entry of default judgment. Of these, two conversations were particularly extensive, lasting 23 and 26 minutes respectively.

Gilmer argues that these conversations show that Burrell had constructive knowledge of the litigation, and therefore the plaintiffs should be found to have substantially complied with their obligations under the statute for service of process. K.S.A. 60-204 (2003) provides in part: "In any method of serving process, substantial compliance therewith shall effect valid service of process if

the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected."

At the time the present action commenced, service of process by certified mail was authorized by K.S.A. 60-308(e).[1] Paragraph (1) of this section permits out-of-state service of process by a variety of means, including

> service effected by certified mail, priority mail, commercial courier service, overnight delivery service, or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, date of delivery, address where delivered, and person or entity effecting delivery.

Under Paragraph (2) the party seeking service must first seal a copy of the pleading in an envelope "addressed to the person to be served in accordance with K.S.A. 60-304," and then place the sealed envelope "in the custody of the person or entity effecting delivery." Under Paragraph (3), the statute deems that service exists pursuant to K.S.A. 60-203 "upon the delivery of the sealed envelope." Finally, the statute requires the party seeking to obtain service to document the event:

> After service and return of the return receipt, the party or party's attorney shall execute a return on service stating the nature of the process, to whom delivered, the date, the address where delivered and the person or entity effecting delivery. The original return of service shall be filed with the clerk, along with a copy of the return receipt evidencing such delivery.

K.S.A. 6-308(e)(4) (2000).

K.S.A. 60-304(a) provides the general means for service of process on individuals. The statute provides that in the case of service of process by return receipt delivery, the service should

---

[1] After 2006, the authorization is now codified, with no substantive changes, at subsection (d).

4

be "addressed to an individual at the individual's dwelling house or usual place of abode and to an authorized agent at the agent's usual or designated address."

Burrell argues that the plaintiffs did not comply with K.S.A. 60-308 because there was no actual delivery to Burrell. In *Beck v. Atlantic Contracting*, 157 F.R.D. 61, 64 (D. Kan. 1994), the court upheld service, holding that "there is no provision in the Kansas statute that would invalidate service merely because delivery was not made personally to the addressee." Burrell argues, however, that this analysis is no longer good law because of an intervening change in the statute. Specifically, the Kansas legislature amended K.S.A. 60-308 in 2000 to the version cited above. The previous statute in effect at the time of *Beck* provided for service "by certified mail, evidenced by return receipt signed by *any person* or by restricted delivery." *See* Laws 2000, ch. 175 § 4. (Emphasis added)  This "any person" language was indeed one element of the *Beck* court's decision that there need not be actual proof of successful delivery to the addressee. *See Beck*, 157 F.R.D. at 64 n. 2.

One recent decision applying the return receipt delivery process under Kansas law has stressed the importance of proof that the mail is sent to the intended target's "dwelling house or usual place of abode" under K.S.A. 6–304(a).  Thus, in *Watson v. Narine*, No. 93,449, 2006 WL 90098 (Kan. Ct.App.  Jan. 13, 2006) the court upheld a determination that a defendant was not properly served in the absence of specific proof about the nature of the intended residence and the competence of the actual recipient.  In reaching this conclusion, the Court of Appeals emphasized particular words and phrases from the post-2000 version of the statute:

> Service of any out-of-state process by return receipt delivery shall include service effected by certified mail ... or other reliable *personal* delivery service *to the party addressed*, in each instance evidenced by a written or electronic receipt showing to whom delivered, date of delivery, address where delivered, and person or entity effecting delivery.... Service of process shall be considered obtained under K.S.A. 60-203, and amendments thereto, upon the delivery of the sealed envelope.

5

*Id.* at *1 (Emphasis and ellipsis in *Watson*). Accordingly, the determination that service was ineffective was affirmed:

> Here, the record fails to show whether the Florida address was Narine's "dwelling house or usual place of abode" or whether the person who signed the return receipt was an authorized agent of Narine. Moreover, it is unknown whether the signer was, in fact, a "competent member" of Narine's family, as Watson suggests.

*Id.*

Notwithstanding *Watson*, the court finds that service of process was sufficient under Kansas law. While the substantive changes to the statue in 2000 make the case less clear than before, a straightforward reading of the text of the statute nonetheless establishes that the return receipt delivery provision does not require actual delivery to an addressee in all cases.

The first paragraph of K.S.A. 60-308(e) (now 60-308(d)) is designed to set forth general standards of reliability for various modes of delivery. *See Sheldon v. Khanal*, No. 07-2112-KHV, 2007 WL 2213540 (D. Kan. 2007) (finding that "service by United States Postal Service express mail, which includes a verification of delivery, is sufficiently reliable to satisify" paragraph (1) of the statute). These standards provide that such delivery means must generally provide for "reliable personal delivery" coupled with standard forms for the return of information as to the events surrounding the delivery. The touchstone under this provision is *reliability*, not actual success of delivery.

The statute grounds proper service not on actual service, but upon properly engaging with the procedures for service. First, the party seeking service must use one of the reliable forms of return receipt delivery contemplated by paragraph (1). Second, the party must comply with the requirements for sealing the pleading and delivering it into the hands of the carrier under paragraph (2). Once this step is completed, and a delivery is made by the carrier, service is given effect under

paragraph (3) "upon the delivery." The subsequent procedural requirements for the party seeking service to document what occurred exist independently under paragraph (4), and do not affect the validity of the service. Similarly, paragraph (5) applies only where there is an explicit rejection or refusal of the delivery. Nothing in the language of the key paragraph (3) suggests that service is ineffective in the absence of actual personal service on an addressee.

K.S.A. 60-304 requires only that return receipt delivery service "be *addressed* to an individual at the individual's dwelling house or usual place of abode," not that the individual actually and personally receive it there. Holding otherwise would reduce return receipt delivery service to simply another form of personal service. If the statute were to be understood as defendant would wish, requiring proof of actual personal service, all of the language as to reliability would simply be surplusage.

Here, the complaint specifically alleges that defendants Burrell has a residence address of 7683 Erbway, and that his business WorldHit Music Group may be served at 130 West 11th Street. (Dkt. No. 1, at ¶¶ 3, 4). This was a sufficient basis for service at this location under the statute. *See Sheldon*, at *2 (noting location of service by express mail was proper given allegations in Complaint). The initial service was made to this address. (Dkt. No. 2).

Accordingly, the court finds that service was proper under Kansas law, and therefore was proper under Fed.R.Civ.Pr. 4(e).

Given the diametrically opposed affidavits as to whether Burrell was aware of this litigation, resolution of the question of substantial compliance would otherwise require a separate evidentiary hearing. However, because the Court finds that service met the relevant legal standards for service

7

by return receipt delivery, it need not reach the contingent question of whether substantial compliance occurred.

      IT IS ACCORDINGLY ORDERED this 15th day of December 2008 that the defendant's Motion to Set Aside (Dkt. No. 126) is hereby denied.

                                            s/J. Thomas Marten
                                            J. THOMAS MARTEN, JUDGE